# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SURENDER KOORATHOTA,**

    **Plaintiff,**

**v.**                                                    **Case No:   6:19-cv-2150-Orl-LRH**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MEMORANDUM OF DECISION

Surender Koorathota ("Claimant") appeals the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability benefits. (Doc. 1). The Claimant raises a single argument challenging the Commissioner's final decision, and, based on that argument, requests that the matter be reversed and remanded for further proceedings. (Doc. 23 at 11-16, 25-27). The Commissioner argues that the Administrative Law Judge ("ALJ") committed no legal error and that his decision is supported by substantial evidence and should be affirmed. (*Id*. at 16-25, 27). Upon review of the record, the Court finds that the Commissioner's final decision is due to be **AFFIRMED**.

**I.   Procedural History**

This case stems from the Claimant's June 16, 2016 applications for disability insurance benefits and supplemental security income, in which he alleged a disability onset date of May 6, 2016. (R. 223-38). The applications were denied on initial review and on reconsideration. The matter then proceeded before an ALJ, who held a hearing on January 25, 2019. (R. 26-45). The Claimant and his representative attended the hearing. (*Id*.). On April 17, 2019, the ALJ entered a

decision denying the Claimant's applications for disability benefits. (R. 10-18). The Claimant requested review of the ALJ's decision, but the Appeals Council denied his request. (R. 1-3). This appeal followed.

## II.   The ALJ's Decision

The ALJ performed the five-step evaluation process set forth in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4) in reaching his decision.[1] First, the ALJ found the Claimant met the insured status requirements of the Social Security Act through December 31, 2020, and that he has not engaged in substantial gainful activity since the alleged onset date. (R. 12). The ALJ next found that the Claimant suffers from the following severe impairments: major depressive disorder; anxiety disorder; schizophrenia; and, posttraumatic stress disorder. (R. 13). The ALJ also found the Claimant suffers from the following non-severe impairments: diabetes mellitus; dyslipidemia; fecal incontinence; history of childhood seizures; adrenal insufficiency; and, acute bloodstream infection. (*Id*.). The ALJ, however, found that none of the Claimant's impairments, individually or in combination, met or medically equaled any listed impairment. (R. 13-14).

The ALJ found that the Claimant has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following non-exertional limitations:

> [H]e can perform simple, routine and repetitive task[s]. He can make simple work related decisions. He can have occasional interactions with coworkers, supervisors and the general public.

---

[1] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy. *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920.

(R. 14). In light of this RFC, the ALJ found that the Claimant is unable to perform his past relevant work. (R. 16). The ALJ, however, found that the Claimant could perform other work in the national economy, including work as a hand packager, floor waxer, and dining room attendant. (R. 17-18). Accordingly, the ALJ concluded that the Claimant was not disabled between his alleged onset date (May 6, 2016) through the date of the decision (April 17, 2019). (R. 18).

## III. Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV. Analysis

The Claimant raises a single argument on appeal – the ALJ erred by not explaining why he omitted physiological consultant Dr. Sharon Ames-Dennard's opinion that the Claimant can "[u]nderstand and remember simple one and two-step task[s]" from his RFC determination despite

giving her opinion great weight. (Doc. 23 at 12-13). The Claimant contends the error is not harmless because work as a hand packager, floor waxer, and dining room attendant involves more than one or two-step tasks. (*Id.* at 13-15 (citing Dictionary of Occupational Titles ("DOT") 920.587-018, 1991 WL 687916; DOT 381.687-034, 1991 WL 673262; DOT 311.677-018, 1991 WL 672696)).

The Commissioner contends that the ALJ's RFC determination sufficiently accounted for Dr. Ames-Dennard's opinion concerning simple one and two-step tasks. (*Id.* at 16, 22). And even if that is not the case, the Commissioner argues that any error is harmless because the floor waxer position, which the ALJ found the Claimant capable of performing, in fact involves the performance of simple one and two-step tasks. (*Id.* at 16-17, 21, 23-24).

In reply, the Claimant contends that the Commissioner focuses on the wrong issue. According to the Claimant, the primary issue is not whether the ALJ failed to include in the RFC a limitation to performance of simple one and two-step tasks, but rather whether the ALJ's failure to explain why he did not include or account for that aspect of Dr. Ames-Dennard's opinion in the RFC determination constitutes reversible error. (*Id.* at 25-26).[2] The Claimant also maintains that the error is not harmless because the limitation at issue focuses on his ability to *perform* one or two-step tasks, whereas the portion of the DOT that the Commissioner highlights relates to the *ability to understand* simple one or two-step instructions. (*Id.* at 26). And according to the Claimant, these phrases have markedly different meanings, which the ALJ did not account for or explain. Thus, the Claimant argues that the case should be reversed and remanded for further proceedings.

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. The RFC "is an assessment, based upon all of the relevant evidence, of

---

[2] The Claimant was granted leave to reply to the Commissioner's arguments. (Doc. 22).

a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440. In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining, and non-examining medical sources. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).[3]

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c).

The opinion of a non-examining physician is generally entitled to little weight and, "taken alone, do[es] not constitute substantial evidence." *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985). Regardless of the medical opinion's source, the ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned. *Winschel*, 631 F.3d at 1179. The failure to state the weight with particularity or articulate the reasons in support of the assigned weight prohibits the Court from determining whether the ALJ's ultimate decision is rational and supported by substantial evidence. *Id*.

Dr. Ames-Dennard completed a mental RFC assessment on September 14, 2016. (R. 65-67). In it, Dr. Ames-Dennard opined that the Claimant is "capable of understanding and recalling instructions," is "capable of attending/conc[entreating]/persisting during the completion of tasks," "may [function] best in a work setting requiring limited social engagement," and "may experience

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

some difficulty responding to abrupt change in the workplace[.]" (R. 65-66). In addition to these opinions, Dr. Ames-Dennard also opined that the Claimant can "[u]nderstand and remember simple one and two-step task[s]," "[s]ustain attention and concentration necessary to complete simple tasks," "[r]elate adequately to coworkers/supervisors," and "[a]dapt to simple changes and avoid hazards in a routine work environment." (R. 67).

The ALJ considered Dr. Ames-Dennard's opinion and gave it great weight without qualification. (R. 15-16). The ALJ, however, did not include Dr. Ames-Dennard's opinion that the Claimant is limited to understanding and remembering simple one and two-step tasks in the RFC determination. (*See* R. 14). The ALJ, instead, limited the Claimant to "simple, routine and repetitive tasks." (*Id.*).

The Commissioner argues that the ALJ was not required to copy every limitation from Dr. Ames-Dennard's opinion into the RFC determination simply because the opinion was given great weight. (*Id.* at 19 (citing *Ellis v. Comm'r of Soc. Sec.*, No. 6:12-cv-1132-Orl-DAB, 2013 WL 3884135, at *3 (M.D. Fla. July 26, 2013)). The Court agrees, but that fact did not relieve the ALJ from his responsibility to explain why he implicitly rejected what appears to be a more severe limitation then what was included in the RFC determination. *See Winschel*, 631 F.3d at 1179 ("It is possible that the ALJ considered and rejected these two medical opinions, but without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence."); *see also Monte v. Astrue*, Case No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720, at *6-7 (M.D. Fla. Jan. 28, 2009) (An "ALJ cannot reject portions of a medical opinion without providing an explanation for such a decision.") (citing *Morrison v. Barnhart*, 278 F. Supp. 2d 1331, 1337 (M.D. Fla. 2003)).[4]

---

[4] The Commissioner has not cited any authority concluding that the ability to understand

Having given great weight to Dr. Ames-Dennard's opinion, the ALJ should have provided a reasoned explanation as to why he implicitly rejected her opinion that the Claimant is limited to understanding and remembering simple one and two-step tasks. *See Winschel*, 631 F.3d at 1179; *Monte*, 2009 WL 210720, at *6-7. The ALJ did not do so. Without any explanation for this action, the Court is unable to conduct a meaningful review of the ALJ's decision to reject the opinion at issue.[5] The Court therefore cannot say that the ALJ's RFC determination is supported by substantial evidence.

The Court must now assess whether the ALJ's error is harmless. The Claimant contends it is not because the limitation at issue would preclude him from performing work as a hand packager, floor waxer, and dining room attendant. (Doc. 23 at 13). In support, the Claimant argues that the DOT's description of those jobs reveals that each require an individual to perform tasks that exceed two steps. (*Id*. at 14-15 (citing DOT 920.587-018, 1991 WL 687916; DOT 381.687-034, 1991 WL 673262; DOT 311.677-018, 1991 WL 672696)). The Claimant, however, cites no authority in support of his interpretation of the DOT. (*Id*.). Further, there is nothing in the relevant DOT descriptions that support the Claimant's position.

---

and remember one and two-step tasks is consistent with the performance of "simple, routine and repetitive task[s]." (*See* Doc. 23 at 16-25). Absent such authority, the Court declines to assume there is no material difference between the two limitations. Accordingly, for purposes of this case, the Court concludes that the RFC determination is both inconsistent with and less severe than Dr. Ames-Dennard's opinion.

[5] The Commissioner also points to evidence that it claims supports the RFC determination as well as the ALJ's implicit rejection of Dr. Ames-Dennard's opinion. (Doc. 23 at 19-20 (citing R. 416, 418, 430-31, 565-66)). This evidence was not considered by the ALJ, and the Court cannot affirm the Commissioner's decision based on *post hoc* rationalizations. *See, e.g.*, *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).

The descriptions for hand packager and dining room attendant are silent as to the number of tasks an individual must be able to perform. *See* DOT 920.587-018, 1991 WL 687916; DOT 311.677-018, 1991 WL 672696. As such, the Court cannot say whether or not an individual who is limited to understanding and remembering simple one and two-step tasks would or would not be able to perform these jobs.

On the other hand, the DOT's description of the floor waxer position expressly states that an individual must be able to [a]pply commonsense understanding to carry out simple one- or two-step instructions." DOT 381.687-034, 1991 WL 673262. The Claimant attempts to differentiate the phrases "ability to understand and carry out" from "ability to understand and remember" (*see* Doc. 23 at 26), however the Court is not persuaded. First, the Claimant again cites no authority in support of this argument. Second, the argument elevates form over substance by ignoring the similarities between Dr. Ames-Dennard's opinion and the DOT's description of floor waxer. At bottom, Dr. Ames-Dennard opined that the Claimant could perform simple one or two-step tasks. (R. 67). That is what the DOT says is required of a floor waxer, albeit with slightly different language. DOT 381.687-034, 1991 WL 673262. Accordingly, the ALJ's failure to explain his implicit rejection of Dr. Ames-Dennard's opinion that the Claimant is limited to understanding and remembering simple one and two-step tasks is harmless since he ultimately found the Claimant was capable of performing a job that did not require more, *i.e.*, the floor waxer position. *See, e.g.*, *Bohn v. Astrue*, No. 8:12-cv-354-T-TGW, 2013 WL 494059, at *6 (M.D. Fla. Feb. 7, 2013) ("[E]ven if there had been an error with respect to [certain jobs], that error would be harmless since [one] job alone supports the law judge's finding that there are jobs in significant numbers in the national economy that the plaintiff can perform.").

In light of the foregoing, the Court rejects the Claimant's sole assignment of error. The Commissioner's final decision is due to be affirmed.

## V. CONCLUSION.

Based on the foregoing, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of the Commissioner and **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on January 28, 2021.

_Leslie R. Hoffman_
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Unrepresented Parties

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Eric S. Fulcher
Administrative Law Judge
Office of Hearings Operations
3505 Lake Lynda Dr
Suite 300
Orlando, FL 32817-9801